UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MILLENNIUM PRODUCTS GROUP, LLC.,

                 Plaintiff,         **MEMORANDUM AND ORDER**
                                         2:17-cv-169 (DRH)(AYS)

   - against –

WORLD CLASS FREIGHT, INC.,

                 Defendant.
--------------------------------------------------------X

**APPEARANCES**

**TODD WENGROVSKY**
Attorney for Plaintiff
285 Southfield Road, PO Box 585
Calverton, NY 11933

**CHARLES M. FARANO**
Attorney for Defendant
243a Lakeview Ave.
Placentia, CA 92870

**HURLEY, Senior District Judge:**

## INTRODUCTION

      Plaintiff Millennium Products Group, LLC. ("Plaintiff") brought this action against Defendant World Class Freight, Inc. ("Defendant") for breach of contract related to shipping, storing, inventorying, and distributing certain consumer products including toys. (Compl. [DE 1] ¶¶ 5–6.) Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue. (Def.'s Mem. in Supp. [DE 10] at 3 (hereinafter "Mem. in Supp.").) Defendant's original motion is also brought under 12(b)(1) for lack of subject matter jurisdiction, as Defendant argues that "[t]he basis for jurisdiction of the above entitled court has not been specifically stated" with regards to

both diversity of citizenship and the amount in controversy. (*Id.* at 1.) However, Defendant's counsel then concedes in his Reply Memorandum that "[a]dmittedly, there appears to be a basis for federal jurisdiction[.]" (Reply Mem. [DE 10-2] at 2.) Therefore, the Court will not analyze Defendant's motion under Rule 12(b)(1).[1]

For the reasons explained below, the motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is denied, but the motion to dismiss under Rule 12(b)(3) for improper venue is granted and the case is dismissed.

## BACKGROUND

The following relevant facts come from the Parties' submissions and the Complaint.

Plaintiff is an importer and distributor of consumer goods such as toys. (Compl. [DE 1] ¶ 5.] Defendant provides "freight forwarding, warehousing, inventory management, product distribution, and other services for a variety of importers and other companies." (*Id.* ¶ 6.) At some time, Plaintiff and Defendant entered into a presumably oral agreement (no reference is made to a written contract) for Defendant to provide warehousing, inventory services, and product distribution for Plaintiff and Plaintiff's customers. (*Id.* ¶ 7.)

Plaintiff alleges that on or about November 2014, Defendant made several errors that caused Plaintiff to lose money and clients, and be subject to significant liability. (*See id.*, ¶¶ 10–

---

[1] While the Complaint does not specifically state where Defendant's principle place of business is, Defendant's President and CEO states in her sworn declaration that Defendant is based in Carson California and has been a California Corporation since it was first organized. (De Leon Decl. [DE 10] ¶ 2.) "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4104839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)); *see also McDowall v. Metropolitan Correctional Center*, 2010 WL 649744, at *1 n.1 (Feb. 22, 2010) ("Consideration of the Johnson Declaration is proper in ruling on Defendants' motions under Rules 12(b)(1) and 56.") . The Complaint does not allege a total amount in controversy in the jurisdiction section, but it includes numerous allegations of financial losses in the Background section which add up to more than $75,000. (*See, e.g.*, Compl. ¶¶ 13–17, 20, 23.) Therefore, there is complete diversity and the amount in controversy exceeds the required threshold so the Court has subject matter jurisdiction.

11.) Plaintiff lists several specific instances from November through December 2014, when Defendant failed to deliver orders on time or delivered incomplete orders, causing Plaintiff's customers to miss critical sales days like "Black Friday." (*Id.* ¶¶ 14–15.) Plaintiff also claims that Defendant failed to invoice Plaintiff and its customers properly, and that Defendant refused to take responsibility for the damages it caused. (*Id.* ¶¶ 20–25.) Plaintiff fails to allege a total damages amount in the Complaint, however, in its opposition papers Plaintiff states that by adding the various amounts in the Complaint together "the amount in controversy here actually exceeds $75,000 by leaps and bounds." (Mem. in Opp. [DE 10-1] at 9 (hereinafter "Mem. in Opp.").) Interestingly, Plaintiff does not add up these amounts for the Court, but Plaintiff does separately allege that Defendant is holding and refusing to release Plaintiff's cargo valued in excess of $466,000. (*Id.* at 10.)

On January 12, 2017, Plaintiff brought this action. On March 16, 2017, Defendant filed a letter requesting a pre-motion conference for a motion to dismiss. Defendants filed the instant motion on May 5, 2017.

## DISCUSSION

As explained above, in Defendant's original notice of motion and motion to dismiss, Defendant's states that the Complaint does not state a basis for jurisdiction. (Notice of Motion [DE 10] at 1.) However, Defendant's counsel retracts his 12(b)(1) argument in his reply memorandum. (Reply Mem. at 2.)[2] Therefore, the Court will only analyze the motion to dismiss under Rules 12(b)(2) and 12(b)(3).

---

[2] The Court also finds in the footnote *supra*, that it does have subject matter jurisdiction.

## I.     The Motion to Dismiss Pursuant to Rule 12(b)(2) Is Denied

A.  Rule 12(b)(2) Legal Standard

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing jurisdiction over the defendant.  *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996).  Where, as here, the parties have not yet conducted discovery, plaintiff may defeat defendant's Rule 12(b)(2) motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence."  *Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.*, 379 F. Supp. 2d 282, 285 (E.D.N.Y.2005).  Moreover, given the early stage of the proceedings here, the Court must view the pleadings in a light most favorable to the plaintiff, *see Sills v. The Ronald Reagan Presidential Found., Inc.,* 2009 WL 1490852, *5 (S.D.N.Y. May 27, 2009), and when evidence is presented, "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party," *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 80 (2d Cir. 1993).  However, the Court is not bound by conclusory statements, without supporting facts.  *Jazini v. Nissan Motor Co. Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998).

In a diversity case, a federal district court exercises personal jurisdiction over a party in accordance with the law of the forum state, subject to the requirements of due process under the United States Constitution.  *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  In New York, courts may exercise either general or specific jurisdiction over defendants.  Pursuant to general jurisdiction, courts in New York can adjudicate *all* claims against an individual or a corporation, even those unrelated to its contacts with the state.  *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014).  "[G]eneral jurisdiction [over a corporation] exists only when a corporation's contacts with [New York] are

so continuous and systematic as to render [it] essentially at home" in New York. *Id*. (internal quotation marks and citations omitted).

The existence of specific jurisdiction "depends on an affiliation between the forum [state] and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citations omitted). C.P.L.R. § 302(a), New York's "long-arm" statute, allows for specific jurisdiction over non-domiciliaries and provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state." Courts have found that this subsection of New York's long-arm statute effectively has two prongs: "(1) '[t]he defendant must have transacted business within the state,' either itself or through an agent, and (2) 'the claim asserted must arise from that business activity.'" *Powell v. Monarch Recovery Management, Inc.*, 2016 WL 8711210, at *6 (E.D.N.Y. 2016) (quoting *Licci ex rel Licci v. Lebanese Canadian Bank, SAL* ,732 F.3d 161, 168 (2d Cir. 2013) (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006))).

"When analyzing jurisdiction under the [']transacts business['] clause, courts examine 'the totality of the defendant's activities within the forum' in order to determine if the defendant's 'transacted business' can be considered purposeful." *Powell*, 2016 WL 8711210, at *6 (quoting *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 335 (E.D.N.Y. 2013) (quoting *Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortg. Investors*, 510 F.2d 870, 873 (2d Cir. 1975))). Conclusory allegations of transacting business are insufficient; in fact, "courts have regularly held that a plaintiff asserting jurisdiction must tender *specific* allegations about the

defendant's contact with the forum state." *See id.*; *Doe v. Del State Police*, 939 F. Supp. 2d 313, 332 (S.D.N.Y. 2013). On the other hand, the Second Circuit has explained that "proof of one transaction, or a single act, in New York [is] sufficient to invoke long-arm jurisdiction even though the defendant never enters New York." *Allied Dynamics Corp. v. Kenmetal, Inc.*, 965 F. Supp. 2d 276, 293 (E.D.N.Y. 2013) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007)) (internal quotation marks omitted).

B. The Court has Personal Jurisdiction

i. General Jurisdiction

Based on Defendant's motion and memoranda, it seems that Defendant is arguing that the Court does not have personal jurisdiction because "all of the activities of Defendant World Class—right or wrong—took place in Carson, California." (Mem. in Supp. at 6.) Beyond that conclusory assertion, Defendant does little to address his contacts with the forum state. (*See* Mem. in Supp.; Reply Mem.)

As this motion was brought pursuant to Rule 12(b)(2), Plaintiff bears the burden of establishing jurisdiction over Defendant "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." *Mortg. Funding Corp.*, 379 F. Supp. 2d at 285. Plaintiff argues that this Court has both general and specific jurisdiction over Defendants. (Mem. in Opp. at 7–8.) Regarding general jurisdiction, Plaintiff notes that "Defendant's website provides direct electronic mail reply means, and provides direct on-line form submissions for quotes." (Mem. in Opp. at 7.) Plaintiff also asserts that Defendant has had multiple business meetings and "even set up a satellite office in New Jersey for ease of dealing with New York companies." (*Id.* at 9.) Finally, Plaintiff states that it believes that

Defendant also does ongoing business with other New York companies, but does not proffer any evidence of such. (*Id.* at 11.)

An analysis of the law and facts supports a determination that this Court does not have general jurisdiction over Defendant. As quoted above, a court only has general jurisdiction when a corporation's contacts with New York "are so continuous and systematic as to render [it] essentially at home" in New York. *Sonera Holding B.V.*, 750 F.3d at 225. Plaintiff's assertion that because Defendant has a website with a contact form means it is soliciting business and therefore makes the company subject to general jurisdiction in New York is unconvincing. Holding such would effectively undermine the principle of general jurisdiction for any company with a website with a contact form (which is to say, almost every company) would be subject to general jurisdiction in every state. Plaintiff cites to cases that directly contradict its proposition. *See, e.g.*, *Jacobs v. Felix Block Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 733 (S.D.N.Y. 2001) (explaining that "mere solicitation of business in New York does not subject a corporation to 'doing business' jurisdiction") (quoting *Laufer v. Ostrow*, 55 N.Y. 2d 305, 310 (1982)). As the Second Circuit has explained, "'only a limited set of affiliations with a forum will render a defendant amendable to all-purpose jurisdiction there'" such as the corporation's principle place of business or headquarters. *Sonera Holding B.V.*, 750 F.3d at 225 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)). Defendant is not headquartered in New York, does not have its principle place of business in New York, and does not have such continuous and systematic contacts with New York as to render it at home in the state. Therefore, this Court does not have general jurisdiction over Defendant.

ii. Specific Jurisdiction

Regarding specific jurisdiction, Plaintiff argues that "Defendant's specific transactions with companies in New York—and especially Plaintiff—are also more than sufficient[.]" (*Id.* at 8.) Specific jurisdiction depends on an "'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919; *see also Sonera Holding B.V.*, 750 F.3d at 225. The Court analyzes where Defendant is subject to specific jurisdiction under the two-part test for New York's long-arm statute discussed above; namely, "(1) '[t]he defendant must have transacted business within the state,' either itself or through an agent, and (2) 'the claim asserted must arise from that business activity.'" *Solé Resort, S.A. de C.V.*, 450 F.3d at 103. The defendant must have "'purposefully availed himself of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws.'" *Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000) (quoting *Parke-Bernet Galleries v. Franklyn*, 26 N.Y.2d 13, 18 (1970)).

Under the first prong, it is undisputed that Plaintiff is and at all relevant times has been a New York Corporation. (Compl. ¶ 3.) Defendant transacted business in New York by working directly with and for Plaintiff for numerous years in shipping, distributing, and storing Plaintiff's imported goods. (De Leon Aff. [DE 10] ¶¶ 3–5.) Defendant also invoiced Plaintiff's clients for Plaintiff—which invoicing related to business conducted with Plaintiff in New York. The Court, concludes, therefore that the first prong of the "transacts business" test is satisfied.

Under the second prong, the claims here arose from the business activity at issue, namely Defendant's role in shipping, storying, distributing, and invoicing imported goods for Plaintiff. The Complaint alleges that Defendant's failure to properly perform these services caused

significant monetary damage to Plaintiff.  While the shipments pass through California and are stored in California, Defendant is transacting business with Plaintiff in New York and the goods are imported and owned by Plaintiff in New York.  Plaintiff's conclusory allegation that Defendant has attended business meetings in New York (Plaintiff does not say with whom) does little to support its case.  (*See* Mem. in Opp. at 9.)  However, based on the nature of Plaintiff's and Defendant's relationship and business dealings, Defendant does appear to have "purposefully availed himself of the privilege of conducting activities within New York" by working with and for Plaintiff over an extended period of time.  *See Fort Knox Music Inc.*, 203 F.3d at 196; *see also John Mezzalingua Associates, Inc. v. ASKA Communiations Corp.*, 2010 WL 11541970, at *6 (N.D.N.Y. March 31, 2010) (finding that "entering into non-exclusive distributor agreements with companies located in New York through which it shipped products into New York" was evidence of a purposeful activity directed at New York).  Therefore, Defendant is subject to New York's long arm statute and the Court has specific jurisdiction.  *See* C.P.L.R. § 302(a); *see also Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 294 (E.D.N.Y. 2013) ("Viewing [defendant's] alleged New York business activities in connection with the contracts upon which this lawsuit is based, the Court concludes that there is a substantial nexus between those activities . . . and the alleged breach.")

## II.  The Motion to Dismiss Pursuant to Rule 12(b)(3) Is Granted

### A. Rule 12(b)(3) Legal Standard

When a defendant challenges the venue of the court, the plaintiff has the burden to establish that venue is proper.  *See Cold Spring Harbor Lab. v. Ropes & Gray LLP,* 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011).  Courts may consider materials outside the pleadings when deciding a motion for improper venue.  *See e.g., Martinez v. Bloomberg LP,* 883 F. Supp. 2d

511, 513 (S.D.N.Y. 2012). "If the court chooses to rely on pleadings and affidavits" as opposed to conducting an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (internal quotation marks, citation, and brackets omitted). In analyzing whether a plaintiff has made the requisite showing, courts "view all the facts in a light most favorable to plaintiff." *Phillips v. Audio Active Ltd.,* 494 F.3d 378, 384 (2d Cir. 2007).

> A civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(b) "'[v]enue is appropriate in each district where a substantial part of the events or omissions occurred, and thus venue may be appropriate in a given district even if a greater portion of events occurred elsewhere.'" *Cold Spring Harbor Laboratory v. Ropes & Grey LLP*, 762 F. Supp. 2d 543, 553 (E.D.N.Y. 2011) (quoting *Continental Ins. Co. v. Securi Enters., Inc.*, 2010 WL 3702559, at *2 (E.D.N.Y. Aug. 16, 2010)). Courts consider "substantiality" for venue purposes qualitatively rather than quantitatively, and it is "determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not simply by adding up the number of contacts." *Cold Spring Harbor Lab*, 762 F. Supp. 2d at 553 (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)). The Second Circuit has explained that district courts must "take seriously the adjective 'substantial'" and thus "for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question." *Gulf*

*Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (E.D.N.Y. 2011). Courts will look at "'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" *Matera v. Native Eyewear, Inc.*, 355 F. Supp. 680, 686 (E.D.N.Y. 2004) (quoting *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 753, 757 (S.D.N.Y. 1995)).

B. Venue Is Not Proper in the Eastern District of New York

Defendant argues in its memorandum in support that venue is improper in the Eastern District because:

> [Defendant] maintains its offices and warehouse facilities in California. It is a California corporation and reading between the lines of the complaint, all of the activities that form the basis of the action took place at [Defendant's] facility. All of the witnesses as to the conduct of [Defendant] are in California and the conduct complained of took place in California. The remaining goods stored have been in storage for months and are stored pursuant to the California warehouseman's lien law California Commercial Code Section 7209.

(Mem. in Supp. at 5–6.) Plaintiff counters that the alleged damage to Plaintiff occurred and continues to occur in New York, and that its witnesses and records are located in New York. (*Id.*) Notably, Plaintiff does not cite to a single legal authority in support of its proposition that venue is proper in the Eastern District of New York based on the claims asserted in the Complaint.

In the instant action, Defendant is not a resident of New York, therefore § 1391(b)(1) is not available to support venue in the Eastern District of New York. Although Plaintiff asserts that venue is proper in the Eastern District of New York under § 1391(b)(2) because of Defendant's interactions with Plaintiff, this argument is unavailing. While the Court must view all the facts in the light most favorable to the Plaintiff, *Phillips v. Audio Active Ltd.*, 494 F.3d at 383, Plaintiff has failed to present enough facts to make out even a prima facie showing of venue. Venue requires a showing that *significant* events *material* to the claims occurred in this

District; as compared with personal jurisdiction under the "transacts business" clause, which requires only that the claims arise from the business contacts with the forum.

Here, Plaintiff does not state where the alleged contract between the Parties was negotiated. Moreover, it is clear that the alleged contract for shipping, distributing, storing, and invoicing was to be performed in California as Defendant is a California-based corporation. Unsurprisingly, the acts and omissions alleged in the Complaint did in fact occur in California. The fact that Plaintiff suffers damages in New York does not mean that "*significant* events or omissions *material* to the plaintiff's claim" occurred here in the Eastern District of New York. *See Gulf Ins. Co.*, 417 F.3d at 357. Therefore, venue is improper and the motion to dismiss pursuant to Rule 12(b)(3) is granted.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(2) is denied, and the motion to dismiss pursuant to Rule 12(b)(3) is granted. The matter is dismissed for improper venue without prejudice and the Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
March 9, 2018

                                                       /s/
                                       Denis R. Hurley
                                       Unites States District Judge

---

[3] Neither party has requested to transfer the case to the proper venue.